■ WARD K. JANSEN, Respondent, v. JOHN J. KELLY et al., Appellants.— Appeal from an order of the Supreme Court denying defendant's motion to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The gist of the complaint is that the plaintiff was the owner of lands which contained valuable ore and raw materials suitable for mining and milling for the production of cement, and that he was induced to sell the same to his damage by fraudulent practices of the defendants. It is alleged that the defendants had special knowledge of the existence of valuable underground deposits and failed to reveal the presence of such deposits, of which plaintiff had no knowledge; that the defendants falsely represented they desired the property for the purpose of building a summer camp thereon; that the defendants falsely represented the nature and value of a part of the premises which the plaintiff originally intended to retain for his own purposes, and thereby induced him to include that portion in the sale. It is alleged that the three defendants conspired with each other and entered into a scheme to inten-

tionally induce the plaintiff to sell said premises by means of false concealment and misrepresentation. It is elementary that the allegations of the complaint and every inference to be drawn therefrom must be viewed in the most favorable aspect to the plaintiff, and that on a motion addressed to the sufficiency of the complaint the pleading must be liberally construed. Appellants do not question this. Appellants cite authority that mere silence in the face of special knowledge is not enough alone to constitute fraud; that a false statement as to the purpose of acquiring the property is not enough alone, and that a false statement as to value is not enough alone. However, under the special circumstances alleged here, and taking all the allegations together and reading the complaint as a whole, we think a cause of action in fraud is stated. Plaintiff, in the exercise of ordinary prudence would not know, ·and without special skill or expert knowledge in a specialized field, could not ascertain, the extra value by reason of underground deposits. This is not a case of " mere silence ". Armed with a purposely acquired special knowledge, defendants are alleged not only to have remained silent for the intentional purpose of deceiving plaintiff, but in connection with that silence are alleged to have made spoken false representations. This is the equivalent of active, intentional concealment, quite different from mere silence. Construed liberally, the complaint states a cause of action. (*Noved Realty Corp.* v. *A. A. P. Co.*, 250 App. Div. 1.) Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.